IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00460-001 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KHARY PHARIS CLYBURN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER APPOINTING THE FEDERAL PUBLIC
DEFENDER'S OFFICE AS COUNSEL FOR DEFENDANT

Defendant was convicted of <u>Count 1</u>: Distribution of 5 Grams or More of Cocaine Base Within 1,000 Feet of the Real Property Comprising an Elementary School, a violation of 21 U.S.C. §§ 860, 841(a)(1) and 841 (b)(1)(B); <u>Count 2</u>: Distribution of Methamphetamine Within 1,000 Feet of the Real Property Comprising an Elementary School, a violation of 21 U.S.C. §§ 860, 841(a)(1) and 841(b)(1)(C); <u>Count 3</u>: Possession with Intent to Distribute 5 Grams or More of Cocaine Base, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and <u>Count 4</u>: Possession With Intent to Distribute 5 Grams or More of Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Defendant was sentenced on

April 12, 2005, to a 78-month term of imprisonment, as to each count, all terms to

run concurrently.

On November 1, 2007, Amendment 706 became effective, allowing a

reduction to the base offense level for most cocaine base ("crack") offenses.[1]  On

December 11, 2007, the Commission added Amendment 706 to the list of

amendments that may be applied retroactively in U.S.S.G. Section 1B1.10(c),

effective March 3, 2008.  An amendment to the Guidelines may be applied

retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United

States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993).

The amendment adjusts downward by two levels the base offense

level assigned to each threshold quantity of crack cocaine listed in the Drug

Quantity Table in § 2D1.1 and provides a mechanism for determining the

Guideline range for offenses involving crack cocaine and other controlled

substances.

On March 18, 2008, Defendant, pro se, filed a Motion for Reduction

of Sentence Under 18 U.S.C. § 3582(c)(2) Due to Recent Reduction in the "Crack

Cocaine" U.S. Sentencing Guidelines since he believed he was entitled to a

---

[1]  Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which also was effective November 1, 2007.

reduction of his sentence . (Doc. # 42.) This Court finds that Defendant would be best served by having counsel appointed for him regarding this issue. This Court hereby appoints the Federal Public Defenders Office as counsel, assuming they have no conflict of interest or that if there is a conflict that such conflict can be waived. In the event there is a conflict, which cannot be waived, the Court directs the Federal Public Defenders Office to so advise the Court, in which case the matter will be referred to a CJA counsel.

The Court hereby authorizes the Probation Office to release to Defendant's Counsel and the Government the Presentence Report and any addendums thereof, and the statement of reasons pertaining to the Defendant, departure motions, if any, and any sealed sentencing documents to which a defense counsel would otherwise be entitled.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 6, 2008.



_____
David Alan Ezra
United States District Judge

United States of America vs. Khary Pharis Clyburn, CR. No. 03-00460-001 DAE;
ORDER APPOINTING THE FEDERAL PUBLIC DEFENDER'S OFFICE AS
COUNSEL FOR DEFENDANT

3